IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.   No. CR 2:23-cr-00066 RB

DELBERT TYLER TREVINO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on several pretrial matters: (1) the United States' Omnibus Motion in Limine (Doc. 80); (2) the United States' Notice of Expert Witness Testimony (Doc. 81) and Trevino's Objection thereto (Doc. 90); (3) Trevino's Motion in Limine (Doc. 82); and (4) the United States' Motion in Limine to Admit Certain Facts as Res Gestae Evidence and Notice Pursuant to Rule 404(b) (Doc. 83). The Court heard arguments from the parties on these motions during the April 11, 2024 pretrial conference. (*See* Doc. 101.) For the reasons outlined below, the Court will **GRANT** the United States' Omnibus Motion in Limine (Doc. 80); **SUSTAIN** Trevino's objection to the United States' Notice of Expert Witness Testimony as to Laurie Mann (Docs. 81; 90); **GRANT in part** Trevino's Motion in Limine (Doc. 82); and **DENY** the United States' Motion in Limine to Admit Certain Facts as Res Gestae Evidence and Notice Pursuant to Rule 404(b) (Doc. 83).

**I.  Factual Background**

The Superseding Indictment charges Trevino with: (1) possession of a firearm not registered with the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871; (2) illegal receipt of firearm by a person under indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D); and (3) illegal receipt of ammunition by a

1

person under indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). (Doc. 39.) The charges are based on the following facts as alleged by the Government. (*See* Docs. 63 at 2–3 (citing Doc. 55 at 2–3); *see also* Doc. 83 at 1–3, 6.)

On November 12, 2020, Trevino was indicted in a Texas state court on three counts: theft of property; fraud; and possession of a controlled substance. (*See* Doc. 55-1.) On January 19, 2022, Trevino pleaded guilty, and the court entered an Order of Deferred Adjudication on the three felony charges. (*See* Doc. 55-2.) "In Texas, deferred adjudication permits a defendant to accept responsibility for a crime without an actual conviction." (Doc. 55 at 2.) "If a defendant successfully completes the terms and conditions of 'community supervision' (*i.e.*, probation), then the defendant's case [is] dismissed" without the blight of a felony conviction on their record. (*See id.*)

According to the Order of Deferred Adjudication, Trevino was not allowed to "possess or transport any type of firearm, prohibited weapon, or body armor." (*See* Doc. 55-2 at 8.) Thus, the El Paso Police Department (EPPD) seized Trevino's firearms. (*See* Doc. 55 at 2.) On June 6, 2022, while he was still on deferred adjudication, Trevino went to "the EPPD and demanded the return of his firearms on the basis that he was not a convicted felon." (*Id.* at 2–3.) The EPPD returned the firearms to Trevino. (*See id.* at 3.)

The Government asserts that on July 22, 2022, Trevino "purchased, and thus received," ammunition from a store in Las Cruces, New Mexico. (*Id.*) "On September 2, 2022, in connection with a homicide investigation," authorities executed search warrants on Trevino's residence and vehicle. (*See id.*) Officers recovered the firearms Trevino received from the EPPD and the ammunition he purchased in Las Cruces. (*Id.*) The Government believes that Trevino "used the 9mm Glock to commit a murder" in August 2022. (Doc. 83 at 2.)

## II.  United States' Omnibus Motion in Limine (Doc. 80)

The United States moves to prohibit Defendant, his counsel, or any defense witnesses from asking or discussing the following topics in front of the jury:

1. <u>Allegations of Government Misconduct</u>: The Government asks the Court to preclude mention of government misconduct "[a]bsent actual evidence of misconduct . . . ." (Doc. 80 at 1 (discussing Fed. R. Evid. 401–03).) This includes, for example, allegations of constitutional violations. (*Id.*)

2. <u>Pretrial Rulings</u>: For the same reasons, the Government asks the Court to preclude the defense from discussing pretrial rulings or motions. (*Id.* at 2 (citing Fed. R. Evid. 401–03).)

3. <u>Plea Negotiations</u>: Similarly, the Government asks the Court to preclude the defense from discussing plea negotiations. (*Id.* (citing Fed. R. Evid. 401–03, 410).)

4. <u>Offers to Stipulate</u>: The Government asks the Court to preclude the defense from discussing any stipulation to facts unless the parties agree and the Court approves. (*See id.* at 2–3 (citing Fed. R. Evid. 401–03; *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008)).) There are no stipulated facts mentioned. (*See id.*)

5. <u>Information Known Only to Defendant</u>: The Government asks the Court to preclude the defense from discussing any information/facts that could only be introduced "through the sworn testimony of [Trevino], unless defense counsel informs the Court that their client will, in fact, testify." (*Id.* at 3.) This includes, for example, statements that Trevino did not know it was illegal to possess a short barrel weapon.[1]

6. <u>Administrative Discipline and/or Lawsuits</u>: The United States asks the Court to preclude the defense from impeaching "any witness with prior administrative disciplinary

---

[1] Counsel for Trevino indicated at the pretrial conference that he will not say anything in his opening statement that cannot be proven at trial.

3

findings . . . until the Court has an opportunity to review such evidence to determine its admissibility." (*Id.* (discussing Fed. R. Evid. 608(b)).) The Government is unaware of any such instances. (*See id.*)

7. Defense Exhibits: The Government asks the Court to preclude the defense from introducing any evidence/exhibits that they have not already given counsel for the United States. (*Id.* (discussing Fed. R. Crim. P. 16(d)(2)).) The Government has received no discovery from Defendant as of the date of the motion. (*See id.* at 4.)

8. Defendant's Health: The Government asks the Court to preclude the defense from discussing his mental or physical health. (*Id.* (citing Fed. R. Evid. 401–03).)

9. Possible Consequences of Sentencing: The United States seeks to disallow the defense from discussing possible sentencing consequences. (*Id.* (citations omitted).)

10. Jury Nullification: The Government asserts that "Tenth Circuit [law] is clear that there is no right to jury nullification." (*Id.* at 5 (citing *United States v. Gonzales*, 596 F.3d 1228, 1237 (10th Cir. 2010)).) Thus, it asks the Court to preclude the defense "from suggesting or mentioning jury nullification, or from otherwise inviting or inducing the jury to *not* apply the law as the Court instructs them." (*Id.*)

Trevino did not respond to this motion, and his attorney indicated his non-opposition at the hearing. Consequently, the Court will grant the motion as unopposed.

**III.    United States' Notice of Expert Witness Testimony (Doc. 81) and Trevino's Objection thereto (Doc. 90)**

The United States noticed its intent to offer testimony from three experts:

1. Laurie Mann – Forensic Scientist (DNA): Mann, a forensic biologist with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since 2017, "will testify regarding the

tests she conducted, and the results and conclusions of those tests involving DNA as previously revealed in her written reports disclosed to Defendant." (Doc. 81 at 1.)

2. <u>James Everman – Firearms Enforcement Officer</u>: Everman, who has worked as a Firearms Enforcement Officer with the ATF since 2022, will testify as an expert "in the field of identification, operations, and design of firearms and ammunition as defined within the National Firearms Act of 1934 and the Gun Control Act of 1968. (*Id.*) "Everman will testify regarding the examinations that he performed" on a firearm recovered in this case. (*Id.* at 3.) His testimony will be consistent with reports provided in discovery. (*Id.*)

3. <u>Gregorio Boeglin – Firearm and Ammunition Interstate Nexus</u>: Boeglin, a Special Agent with the ATF since 2009, will testify as an expert "in the area of interstate nexus as to firearms and ammunition." (*Id.*) He will testify that he is familiar with the terms "firearm" and "ammunition," and that the contraband in this case meets those definitions. (*Id.*) He will also testify that the firearm and ammunition had to have traveled in interstate commerce. (*Id.*)

Trevino objects only to Mann's testimony as it may relate to DNA that belongs to anyone but Trevino. (*See* Doc. 90.) The Court will sustain Trevino's objection as discussed below in Section V. Accordingly, Mann may only testify regarding DNA she analyzed that matches Trevino's.

**IV.   Trevino's Motion in Limine (Doc. 82)**

Trevino ask the Court to preclude the parties and witnesses from discussing the following:

    1. <u>Evidence of Bad Character of Defendant</u>

    2. <u>Evidence of Bad Reputation of Defendant</u>

3. <u>Reference to Hearsay Statements Made by Non-Testifying Witness/Codefendant</u>: Trevino specifies that this request includes custodial statements. (Doc. 82 at 1.)

4. <u>Defendant's Motions in Limine</u>

5. <u>Any Act or Misconduct of Defendant or Any Defense Witness</u>

6. <u>Any Investigation of an Uncharged Crime</u>: Trevino explains that this request includes but is not limited to why law enforcement was at the residence where the firearm and ammunition were seized. (*Id.* at 2.)

7. <u>Any Rebuttal Evidence Concerning the Character of Defendant</u>

8. <u>Any Expert Opinion Testimony</u>: Trevino objects to any expert opinion testimony until the Court has held a hearing as to admissibility outside the presence of the jury. (*Id.*)

The United States responds that it does not plan to introduce evidence of bad character or reputation, but it reserves the right to rebut any relevant evidence Trevino may introduce. (Doc. 87 at 1.) The United States asserts it will follow the Rules of Evidence with respect to hearsay statements, and it will not refer to any motions in limine. (*Id.*)

Regarding No. 6, the Court will address the extent to which the Government may discuss why law enforcement was at the residence where the firearms and ammunition were seized below in Section V. Regarding No. 8, counsel for Trevino indicated at the pretrial conference that he does not object to the Government's expert witnesses, other than his objection to Mann's testimony as discussed in this opinion. Accordingly, the Court will deny Trevino's motion with respect to No. 6 as outlined below, and with respect to No. 8, as there is no longer any request for a Daubert hearing. As there is no dispute to the remainder of the motion, the Court will otherwise grant it as unopposed.[2]

---

[2] The Court notes that counsel for Trevino indicated at the pretrial conference that he does not object to pre-admission of Exhibit 26.

**V.      United States' Motion in Limine to Admit Certain Facts as Res Gestae Evidence and Notice Pursuant to Rule 404(b) (Doc. 83)**

Finally, the Government argues that "evidence regarding the circumstances of where and how the two firearms . . . were recovered are admissible as res gestae evidence or, in the alternative, are proper 404(b) evidence." (Doc. 83 at 3.) Specifically, the Government seeks to admit evidence that the firearms and ammunition were seized because Trevino is a suspect in a homicide investigation. (*See id.*) The Government asks the Court to allow Mann to testify that testing confirmed the presence of Trevino's DNA on one of the two firearms, as well as the presence of the homicide victim's DNA on the same firearm, in and on the vehicle Trevino drove, on Trevino's shoes, on rope found in the bed of the truck, and on the property where Trevino was staying. (*Id.* at 6.) Moreover, "[p]rojectile fragments were recovered from the victim's skull and a spent casing of 9mm caliber ammunition was found below the windshield of the truck [Trevino] was driving." (*Id.*) Trevino objects to introduction of this evidence on the basis that the prejudicial effect outweighs any probative value. (*See* Doc. 91.) The Court sides with Trevino.

**A.      Evidence that Trevino is a suspect in a homicide investigation is not necessary to "complete the story" of the crime.**

The Government argues that evidence of the homicide investigation is properly admitted as *res gestae*. (Doc. 83 at 3.) "Evidence of other crimes should not be suppressed when those facts come in as *res gestae*—as part and parcel of the proof of the offense [ ] charged in the indictment." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) (quotation marks and citations omitted). In *Kimball*, for example, where the defendant was charged with bank robbery, the Tenth Circuit found it was appropriate to introduce at trial

> evidence of defendant's inmate number on the coffee pot in the context of this being recovered in his motel room along with a tablet containing an imprint of the

7

> robbery demand note; and defendant's clothing worn at the time of his release from prison being identical to the clothing of the robber.

*Id.* Such evidence was "appropriate in order to complete the story of the crime on trial by proving its immediate context . . . ." *Id.* (quotation marks and citation omitted).

In this case, Trevino is charged with illegally receiving two firearms that agents recovered when executing a search warrant. (*See* Doc. 83 at 4.) DNA testing on the Glock 19 showed the presence of both Trevino's DNA and the DNA of a homicide victim. (*See id.*) The Government argues that this DNA evidence is *res gestae* evidence that "provides the necessary context for why and how [Trevino] was illegally in possession of firearms at times relevant to the Superseding Indictment." (*Id.* (citing *United States v. Ford*, 613 F.3d 1263, 1267 (10th Cir. 2010) ("stating that *res gestae* evidence is admissible where 'it was inextricably intertwined with the charged crime such that a witness's testimony would have been confusing an incomplete without mention of the prior act'").)

"The Government understand that [Trevino] will *not* be stipulating to any elements of the charged offenses." (*Id.*) It argues that if he denies receiving the two firearms, "then the relevance of the circumstances surrounding the discovery of those exact firearms in locations connected directly to [Trevino] in September 2022 becomes strikingly more significant." (*Id.*)

The Court finds that the Government may establish its case against Trevino without introducing evidence of the homicide investigation. The Government may mention that law enforcement searched Trevino's residence and vehicle pursuant to a search warrant and separate criminal investigation, but neither the Government nor any witnesses may discuss the homicide investigation itself. To be clear: there is no need to explain why law enforcement was executing a warrant on Trevino's residence or vehicle. While such information may provide a more

8

complete picture of the events, it is not "*necessary* for a full presentation of the Government's case" nor will it provide *necessary* context. *See Kimball*, 73 F.3d at 272 (emphasis added).

  **B.** **The danger of unfair prejudice outweighs any probative value.**

Alternatively, the Government seeks to admit evidence that Trevino possessed the firearms in connection with a homicide pursuant to Rule 404(b), which provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." (*See* Doc. 83 at 5 (citing Fed. R. Evid. 404(b)(1)).) Such evidence may be admitted, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

In the Tenth Circuit, courts apply the *Huddleston* test to determine whether to admit Rule 404(b) evidence:

> (1) evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted.

*United States v. Diaz*, 679 F.3d 1183, 1190 (10th Cir. 2012) (quotation omitted); *see also Huddleston v. United States*, 485 U.S. 681 (1988).

The Government argues that the evidence referenced above is relevant to show Trevino's identity—that he "was the individual who possessed the Glock 19 firearm in conjunction with a homicide." (Doc. 83 at 6 (citations omitted).) The Government asserts that unless Trevino "stipulate[s] that he willfully received the two firearms listed in the Superseding Indictment on June 6, 2022, his knowledge and intent are directly at issue in this case." (Doc. 83 at 7.) Thus, the Government argues, his later possession of the two firearms "in September 2022 is highly

9

probative that [he] willfully received the firearms less than three months earlier on June 6, 2022." (*Id.* (citing *Moran*, 503 F.3d at 1144).)

The United States "acknowledges the intrinsically prejudicial nature of introducing evidence connecting [Trevino] to a homicide." (*Id.* at 8.) Yet if he "challenges his receipt of the firearms" in June, then evidence that he later possessed them in September "is precisely the sort of highly probative evidence that significantly outweighs any unfair prejudice." (*Id.*) The Court disagrees. Evidence of the homicide investigation will lead to jury confusion and unfair prejudice, and the Court will deny the motion on the basis that any probative value is substantially outweighed by the danger of unfair prejudice. The Government may not question Mann about the victim's DNA evidence, nor may the Government discuss the homicide investigation. The Government may mention that it recovered the firearms and ammunition pursuant to a search warrant, but the Government may not disclose the facts underlying the warrant as they relate to the homicide investigation.

### VI.     Notice of Intent to Seek Second Superseding Indictment

On April 10, 2024, the United States filed a Notice of Intent to Seek Second Superseding Indictment. (Doc. 99.) The Government seeks to amend the superseding indictment as follows:

1. To change the date in Count 1 from September 2, 2022, to include a range of dates;

2. To amend Counts 2 and 3 to include an additional felony charge in the list of crimes for which Trevino was under indictment at the times relevant here;

3. To remove the words "assorted make" in Count 3; and

4. To add an additional count of illegal receipt of ammunition as Count 4.

(*See id.*) Counsel for Trevino acknowledged at the pretrial conference that he was not claiming surprise and objects only to the second change, that is, to adding an additional felony charge to the list of crimes in Counts 2–3.

The parties agreed at the pretrial conference that the United States' proposed jury instruction No. 6 (*see* Doc. 95 at 4) will alleviate the Government's concern in adding the new felony charge to the list. Counsel for Trevino will not object to proposed jury instruction No. 6. Consequently, the Government will not seek to amend the superseding indictment to include the additional felony charge, but it will go forward with the remaining changes and additions.

If the grand jury returns a true bill on the Second Superseding Indictment, counsel for the United States shall arrange for an arraignment no later than **12:00 p.m. on April 19, 2024**.

**IT IS THEREFORE ORDERED** that the Court **GRANTS** the United States' Omnibus Motion in Limine (Doc. 80);

**IT IS FURTHER ORDERED** that the Court **SUSTAINS** Trevino's objection to the United States' Notice of Expert Witness Testimony as to Laurie Mann (Docs. 81; 90);

**IT IS FURTHER ORDERED** that the Court **GRANTS in part** Trevino's Motion in Limine (Doc. 82); and

**IT IS FURTHER ORDERED** that the Court **DENIES** the United States' Motion in Limine to Admit Certain Facts as Res Gestae Evidence and Notice Pursuant to Rule 404(b) (Doc. 83).

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE