IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          No. CR 2:23cr0066 RB

DELBERT TYLER TREVINO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the United States' Notice of Intent to Introduce Self-Authenticating Documents Pursuant to Fed. R. Evid. 902(11) (Doc. 107) and Defendant Delbert Tyler Trevino's Response (Doc. 113). Despite the lateness of the Government's filing,[1] the Court will **OVERRULE** Trevino's objection and **GRANT** the United States' motion to admit the receipts at issue.

The Government filed a notice explaining its intent to offer an Affidavit from Connor Jensen pursuant to Federal Rules of Evidence 803(6) and 902(11), in place of live testimony from a records custodian to authenticate and lay foundation for the admission of two receipts from Sportsman's Warehouse. (*See* Docs. 107; 107-1–3.) Federal Rule of Evidence 902(11) provides that a record produced in the normal course of business that complies "with Rule 803(6)(A)–(C) is self-authenticating when it includes a custodian certification and is offered in time for the

---

[1] The Court notes that the Government filed its notice on a Thursday, with trial set to begin on Monday. These late filings inconvenience opposing counsel and the Court and do not comply with the Court's order setting pretrial deadlines, which required pretrial motions be filed no later than March 18, 2024. (*See* Doc. 78.) That the Government styled this as a "notice" makes no difference, as the Government requests a pretrial ruling. (*See* Doc. 107 at 2 ("the United States moves to admit the receipts pursuant to Fed. R. Evid. 902(11) and requests a pretrial ruling from the Court regarding the same").) The Court cautions counsel for the United States against filing such belated motions in the future, as a lack of planning on the Government's part does not necessitate an emergency on the Court's part.

opponent to review the documents." *United States v. Verdugo*, No. 2:19-CR-02753-RB-1, 2020 WL 891018, at *2 (D.N.M. Feb. 24, 2020).

Trevino objects to the receipts as irrelevant and argues that any probative value of the receipts is outweighed by the danger of prejudice, confusion of the issues, and the potential of misleading the jury. (Doc. 113 at 2.) "Evidence may be unfairly prejudicial if it would likely provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude toward a particular matter." *United States v. DeLeon*, 323 F.R.D. 672, 689 (D.N.M. 2017), *aff'd sub nom. United States v. Herrera*, 51 F.4th 1226 (10th Cir. 2022) (citing *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999)). The fact that evidence may damage a party's case does not mean that it is prejudicial. *Id.* (citing *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008)) (subsequent citations omitted). "Rather, '[t]o be unfairly prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id.* (quoting *Caraway*, 534 F.3d at 1301) (internal quotation marks omitted). "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id.* (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

Here, Trevino argues that "admission of the receipt(s) assumes that [he] received that specific ammunition(s) on that specific day(s)." (*Id.*) Trevino's argument does not speak to a concern that these receipts might lead the jury to find his guilt on an improper or emotional basis. Rather, his argument goes to the weight of the evidence and is best made on cross-examination and to the jury in closing. The Court does not agree that the probative value of the receipts is outweighed by the concerns Trevino highlights.

Critically, Trevino does not argue that the Government failed to satisfy any requirements for self-authentication, nor that the Government should be required to have the records custodian testify in person. (*See id.*) Thus, the Court will overrule the objections and grant the United States' motion to admit the receipts under Rules 803(6) and 902(11).

**THEREFORE,**

**IT IS ORDERED** that the Court **GRANTS** the Government's motion to admit the receipts under Rule 902(11) and **OVERRULES** Trevino's objection.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE