IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                       No. CR 2:23cr0066 RB

DELBERT TYLER TREVINO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the United States' Brief in Support of Requested Jury Instruction (Doc. 110) and Defendant Delbert Tyler Trevino's Response (Doc. 113). For the reasons explained in this Opinion, the Court will **OVERRULE** Trevino's objection and **ADOPT** the United States' proposed jury instruction for Counts 2–3.

The Government proposes to use the following jury instruction for Counts 2–3 of the Second Superseding Indictment:

> The defendant is charged in Counts 2 and 3 of the Second Superseding Indictment with receiving ammunition while under indictment for a felony in violation of 18 U.S.C. § 922(n). For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
> First, that the defendant was under indictment for a crime punishable by imprisonment for a term exceeding one year;
> Second, that the defendant knew he was under indictment;
> Third, that the defendant willfully received ammunition; and
> Fourth, that the ammunition had been shipped or transported from one state to another in interstate commerce or between a foreign nation and the United States.
>
> Federal law prohibits receipt of a firearm or ammunition by anyone charged with a felony, whether under state or federal law, or whether by indictment or information.
>
> A defendant who is on probation pursuant to a deferred adjudication of a felony charge in Texas remains, as a matter of law, under indictment within the meaning of 18 U.S.C. § 922(n).

1

> "Willfully" means that the defendant acted with knowledge that his conduct was unlawful. The government is not required to prove that the defendant was aware of the specific provision of the law that made his conduct unlawful.

(Doc. 109 at 34.)

The United States explains that 18 U.S.C. § 922(n) does not contain a mens rea element, but the penalty provision, 18 U.S.C. § 924(a)(1)(D), does: it "provides a five-year maximum sentence for anyone who 'willfully violates any other provision of this chapter.'" (*See* Doc. 110 at 4 (quoting 18 U.S.C. § 924(a)(1)(D)).) "Consequently, the United States must prove that Defendant acted 'willfully.'" (*Id.*)

The United States took its definition of "willfully" from the Supreme Court's decision in *Bryan*. (*See id.*) In that case, the Supreme Court approved of a jury instruction that the trial court gave, which provided:

> A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids.

*Bryan*, 524 U.S. at 190. The defendant in *Bryan* "argue[d] that [the court] must read § 924(a)(1)(D) to require knowledge of the law" itself. *Id.* at 193. The Supreme Court disagreed and opined that "the willfulness requirement of § 924(a)(1)(D) does not carve out an exception to the traditional rule that ignorance of the law is no excuse; knowledge that the conduct is unlawful is all that is required." *Id.* at 194–95.

The Government's suggested language largely tracks the instruction in *Bryan* and explains the United States need only prove Trevino was aware that his conduct was unlawful; *not* that he was aware of the statute itself. (*See* Doc. 110 at 4–5.) Trevino objects to the proposed second sentence (e.g., "The government is not required to prove that the defendant was aware of the

specific provision of the law that made his conduct unlawful.") and argues that it is irrelevant, unfairly prejudicial, confuses the issues, and will mislead the jury. (Doc. 113 at 1.) He does not, however, argue that ignorance of the law was an excuse.

The Court does not agree that the proposed language is prejudicial or will confuse or mislead the jury. As the proposed language is similar to the language in *Bryan*, the Court will adopt the Government's proposed instruction.

**THEREFORE,**

**IT IS ORDERED** that the Court **ADOPTS** the Government's proposed jury instruction regarding Counts 2–3 and **OVERRULES** Trevino's objection.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE